IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

KELVIN L. KING,                )
                               )
          Plaintiff,           )
                               )
     v.                        )    No.  11 C 4768
                               )
SYX DISTRIBUTION, INC.,        )
et al.,                        )
                               )
          Defendants.          )

                  MEMORANDUM OPINION AND ORDER

     SYX Distribution, Inc. and TigerDirect, Inc. have filed an understandably lengthy (37 pages)--but for the reasons set out here, overly lengthy--Answer and Affirmative Defenses ("ADs") to the multicount employment discrimination Complaint brought against them by Kelvin King ("King"). This memorandum opinion and order is issued because a number of problematic aspects of that responsive pleading require defense counsel to return to the drawing board.

     To begin with, a group of the Answer's paragraphs (Answer ¶¶6, 16, 21.c, 21.k, 21.m, 31 and 53[1]) follow appropriately-

---

[1] Although this Court has tried to pick up all of the paragraphs that contain the several flaws referred to in this memorandum opinion and order, it is entirely possible that it has not been exhaustive in doing so--after all, King's Complaint is fully 76 paragraphs long, and a good many of the answering paragraphs are substantially longer than the paragraphs to which they respond. But it is really the lawyers' job, and not that of this Court, to perform the task of crafting a proper pleading. Accordingly, defense counsel are expected to review their pleading with care in preparing their second effort, so that <u>all</u> of the problematic provisions are addressed.

stated disclaimers that track the language of Fed. R. Civ. P. ("Rule") 8(b)(5) with the impermissible statement "and, therefore, deny those allegations" or the like. That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)? Accordingly the quoted phrase is stricken wherever it appears in the Answer.

Next, defense counsel persistently insert an attempted hedge (see, e.g., Answer ¶¶5, 7, 8, 21.b, 21.*l*, 23, 29, 31, 39, 46, 66, 68 and 69) by concluding a response with this language or its equivalent:

> To the extent Paragraph No. -- contains or implies any additional allegations, Defendants deny them.

That effort is totally uninformative--it puts the reader to the test of figuring out just what it is that defense counsel have in their heads in that regard, even though it is of course fundamental that the federal concept of notice pleading applies to defendants as well as to plaintiffs. Hence all such language is stricken wherever it appears, although defense counsel are of course free to <u>specify</u> just what among King's allegations is being denied.

That same type of hedging effort appears elsewhere in the responsive pleading and should be eliminated the next time around. For example, Complaint ¶31 (which reads "All conditions

precedent to Count I have been satisfied") is purportedly met by this nonsensical response:

> The phrases "[a]ll conditions precedent" and "have been satisfied" are vague and ambiguous, and, therefore, subject to multiple interpretations.

Quite to the contrary, King's allegation is in common usage, and any lawyer ought to know just what is meant. In addition, the just-quoted assertion is followed by a denial that King has an actionable claim and is entitled to any relief--both of those matters being totally nonresponsive to King's allegation. Answer ¶31 is therefore stricken in its entirety. If defendants claim that some condition precedent has <u>not</u> been satisfied, defendants must identify that defect--but if not, Answer ¶31 should be a simple admission.

Again without any effort on this Court's part to be exhaustive, it notes that Answer ¶42 is a non sequitur when placed alongside Complaint ¶42. Although defendants are free to deny that they engaged in the charged discrimination, what is said in Answer ¶42 is really nonresponsive to Complaint ¶42.

As said earlier, there may well be other matters that this Court has failed to pick up in its preliminary screening, but that defense counsel should address in their expected careful run-through. Meanwhile this opinion turns to defendants' ADs, some of which also require reworking in light of the fundamental principles that govern ADs under Rule 8(c) and the caselaw

applying it (see also App'x ¶5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001)):

    1. AD 1 adds nothing to the mix, for its invocation of the 300-day rule is totally in sync with the November 2008 starting point set out in Complaint ¶21. Thus defendants' time-bar claim is inappropriate, and AD 1 is stricken.

    2. AD 2 inappropriately seeks to cabin King's claims of discrimination by asserting that his Charges of Discrimination as lodged with EEOC did not contain a number of the specific matters now set out in the Complaint. But that ignores the nature of those Charges of Discrimination, which followed the assertion as to the presence of discrimination in generic terms by then stating "The discriminatory and harassing conduct by Respondent includes, however, is not limited to, the following" or equivalent language in other places. King's pleading need not match the Charges item by item, and AD 2 is also stricken.

    3. AD 3 asserts defendants' entitlement to a setoff for plaintiff's unemployment compensation benefits and for any amounts received from "any other collateral sources." This Court expresses no ultimate view on that subject, but defense counsel should promptly supplement that AD by separately providing King's counsel and this Court with citations to (but not with any explanatory discussion of)

any authorities relied on for that AD.

   4. AD 4 appears to be at odds with the underlying concept that an AD accepts a plaintiff's allegations as gospel but goes on to explain why a defendant is nonetheless not liable. Here King has expressly alleged defendants' failure to address and correct his complaints, so that AD is stricken as well.

   5. Lastly, defendants' stated reservation of a right to seek leave to plead added ADs in the future is both unnecessary and not really meaningful. If, as and when any further developments call for any added AD, defendants may seek leave to amend and this Court will deal with any such motion.

As the extended discussion here reflects, the numerous matters that require correction call for a fresh start. If that were not done, both King's counsel and this Court would be put to the task of having to shift from one pleading to another to see just what is or is not in issue as between the parties. So the entire present pleading is stricken, but with leave of course granted to defendants to file a self-contained Amended Answer and ADs on or before August 30, 2011. No charge is to be made to defendants by their counsel for the added work and expense incurred in correcting counsel's errors. Defense counsel are ordered to apprise their clients to that effect by letter, with a

copy to be transmitted to this Court's chambers as an informational matter (not for filing).

                                                _____
                                                Milton I. Shadur
                                                Senior United States District Judge

Date:   August 18, 2011